**UNITED STATES of America**

v.

**Josephine GRAY**

**No. CRIM.DKC 01–0566.**

United States District Court,
D. Maryland.

Feb. 6, 2002.

Sandra Wilkinson, James M. Trusty, Assistant U.S. Attorney, Greenbelt, MD, for U.S.

Michael T. Citaramanis, Assistant Federal Public Defender, Daniel Stiller, Office of the Federal Public Defender, Greenbelt, MD, for Defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

 The parties have filed a joint motion for an order precluding extrajudicial statements to the media. Citing the recent significant media coverage concerning the case and the extrajudicial statements by Montgomery County State's Attorney Douglas Gansler [1] during an appearance on the national television show "Today", as well as in newspapers, including the *New York Times,* the parties request the court to enter an order directing that persons connected to this case not make any extrajudicial statements to the press concerning this case or related matters. The people to be covered by the requested order include parties, attorneys, law enforcement personnel, potential witnesses, and their agents. The prohibition sought by the parties would extend to information concerning the pending criminal prosecution in this court, as well as to "other criminal prosecutions in the State of Maryland, the investigations relating to this and other criminal prosecutions of the defendant in the State of Maryland, and the Defendant." For the reasons that follow, the order requested in the joint motion is far too broad and will be granted only in part.

Both the Maryland Rules of Professional Conduct and the Local Rules of this court prohibit a lawyer from making an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial or reasonable likelihood of materially prejudicing an adjudicative proceeding.[2]

In the context of a criminal prosecution during the pretrial stage, Local Rule 204.3 sets forth the presumptively prejudicial material: (a) prior criminal record or the character or the reputation of the accused; (b) the existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement; (c) the performance of any examination or tests or the accused's refusal or failure to submit to an examination or test; (d) the identity, testimony, or credibility of prospective witnesses; (e) the possibility of a plea of guilty to the offense charged or a lesser offense; and (f) any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.[3]

 A court may issue an order restricting the communication of trial participants "where necessary to ensure a fair trial for a criminal defendant." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 32, n. 18, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (citing *Nebraska Press Assn. v. Stuart,* 427 U.S. 539, 563, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *Oklahoma Publishing Co., v. District Court,* 430 U.S. 308, 310–11, 97 S.Ct. 1045, 51 L.Ed.2d 355 (1977); *Sheppard v. Maxwell,* 384 U.S. 333, 361, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); and *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 104,

---

**1.** Mr. Gansler is not a member of the bar of this court, but presumably is authorized to practice law in the State of Maryland, as is required to serve as State's Attorney. Md. Const. Art. V, § 10.

**2.** Md. Rule 16–812, Maryland Rules of Professional Conduct, Rule 3 .6(a) Trial Publicity, modifies "likelihood" with the word "substantial", while Local Rule 204.3 uses the word "reasonable." The Fourth Circuit reaffirmed use of the "reasonable likelihood" standard in *In re Morrissey,* 168 F.3d 134, 140 (4th Cir. 1999).

**3.** The entire text of the Local Rule can be found at this court's website, www.mdd.uscourts.gov/LocalRules/local2001.pdf. Md. Rule 16–812, Rule 3.6(b) contains a similar list of presumptively prejudicial information.

n. 21, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).) As set forth in *In re Morrissey*, 168 F.3d 134, 140 (4th Cir.1999):

> Under the First Amendment, content-based restrictions on attorney speech are permissible only when they are no greater than necessary to protect an accused's right to a fair trial or an impartial jury. *See Procunier v. Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

Furthermore, "protecting the right to a fair criminal trial by an impartial jury whose considerations are based solely on record evidence is a compelling state interest." *Id.* (citations omitted.)

▮ The parties assert that the type of extrajudicial statements already made in this case by a state prosecutor, concerning a prosecution in state court that significantly overlaps factually with the prosecution pending in this court, threaten to prejudice this case, if they are allowed to continue. (There has also been media coverage of the proceedings conducted in open court and the parties do not seek to limit in any way public comment on court proceedings.) This court agrees. Trial is scheduled to begin on July 29, 2002, and the pool of potential jurors extends throughout the five counties served by this court. There has been extensive media coverage of the judicial proceedings to date, and there is no reason to conclude that the media interest will fade as the trial date approaches. Comment by persons with access to information not yet disclosed in judicial proceedings about those matters set forth in the applicable rules is improper and may well influence prospective jurors. Certainly, voir dire will be prolonged, and the seating of an impartial jury may be imperiled.

When necessary to protect the fair trial rights of a defendant, a court may restrict the communications of trial participants, including counsel, witnesses, and jurors. *Seattle Times*, 467 U.S. at 32, n. 18, 104 S.Ct. 2199. The parties' request in this case goes beyond those trial participants, and seeks to limit the communications of an attorney who is not involved in this case. The parties have not cited, and this court cannot find, any authority for such a sweeping order. What this court can, and will do, though, is require the trial participants in this case to refrain from revealing extrajudicial information to anyone involved in the related state court case unless the recipient agrees to be bound by this court's order limiting extrajudicial comment.[4]

Accordingly, by separate order, the court will grant the parties' joint motion in part.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of February, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The parties' joint motion for an order precluding extrajudicial statements to the media BE, and the same hereby IS, GRANTED in part;

2. Forthwith from this day and continuing until completion of all proceedings before this court, all parties, attorneys, law enforcement personnel, and witnesses in the instant case, and their agents, SHALL NOT make any extrajudicial statements to the media, including but not limited to representatives of any newspaper, televi-

---

4. This opinion, too, should be read by all concerned as a caution that pretrial publicity may well affect the ability of the defendant to receive a fair trial and the court will take appropriate steps, including postponements if necessary, to protect those interests.

sion, radio and press service organizations, or independent journalists or reporters, or otherwise make any extrajudicial statement intended for public dissemination, or cause or encourage any public dissemination of information concerning this case;

3. Counsel for the parties in this case shall serve a copy of this order on those parties, attorneys, law enforcement personnel, and witnesses who are involved in this case and to any other person involved in the related prosecution to whom extrajudicial information is to be revealed. Prior to revealing any extrajudicial information concerning this case, the person covered by this order shall obtain from the potential recipient written consent to be bound by this order as to all information so revealed; and

4. The clerk shall transmit a copy of the Memorandum Opinion and this Order to counsel for the parties.